10-645-cr
United States v. Urena

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand eleven.

PRESENT: GUIDO CALABRESI,
REENA RAGGI,
*Circuit Judges*,
JOHN GLEESON,
*District Judge*.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                        No. 10-645-cr

MIGUEL URENA,
*Defendant-Appellant*.

---------------------------------------------------------------------

APPEARING FOR APPELLANT:        MICHAEL S. SCHACHTER (Meghan E. Silhan, Ian M. Christy, *on the brief*), Willkie Farr & Gallagher LLP, New York, New York.

APPEARING FOR APPELLEE:        JUSTIN ANDERSON (Daniel A. Braun, *on the brief*), Assistant United States Attorneys, *for* Preet

---

* District Judge John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 9, 2010, is AFFIRMED.

Defendant Miguel Urena stands convicted on a guilty plea of failure to appear in 1994 in the United States District Court for the Southern District of New York as required by release conditions in connection with crack cocaine trafficking charges punishable by 15 years' or more imprisonment. See 18 U.S.C. § 3146(a)(1), (b)(1)(A)(i).[1] On appeal, Urena challenges the reasonableness of his 60-month prison sentence – a variance from the applicable 18-to-24-month Guidelines range – on both procedural and substantive grounds.[2] See United States v. Canova, 485 F.3d 674, 679 (2d Cir. 2007). We have analogized reasonableness review to that for abuse of discretion. See United States v. Cavera, 550 F.3d 180, 187-89 (2d Cir. 2008) (en banc). Applying that standard here, we assume familiarity

---

[1] Urena remained a fugitive for more than a decade, during which time his New York drug confederates were all convicted, but the physical evidence against Urena was thereafter lost in the September 11, 2001 destruction of the World Trade Center. As a consequence, in 2010 the 1994 drug charges against Urena were dismissed on the government's nolle prosequi application. In the interim, Urena joined a different crack cocaine trafficking conspiracy in Massachusetts. Convicted for that conduct, Urena was sentenced in the District of Massachusetts to a 151-month prison term.

[2] The district court ordered Urena's 60-month sentence to run consecutively to the 151-month term imposed in the District of Massachusetts.

with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Procedural Error

Urena submits that the district court committed procedural error when it considered the 1994 drug charges in sentencing him for bail jumping. See United States v. Taylor, 487 U.S. 326, 338 n.9 (1988) (observing, in case in which original charges were dismissed under Speedy Trial Act after defendant failed to appear, that it would have been "highly improper" to aggravate defendant's sentence for bail jumping "on the basis of the Court's untested and unsubstantiated assumption of what the facts might have been shown to be with regard to" the original charges).  As factual support, Urena points to the district court's sentencing observation that flight had allowed Urena to "alter the risk of conviction and a very heavy sentence on the underlying offense and transmute it to the risk of conviction on an offense that carried a considerably lesser maximum penalty."  Sentencing Tr. at 17-18.  This statement, which references only the reduced risk achieved by Urena's flight, not any assumption about his underlying guilt, does not manifest Taylor error.[3]

In fact, the sentencing record demonstrates that when defense counsel voiced concern that the district court might enhance Urena's sentence based upon an assumption that he was guilty of the underlying drug trafficking charges, the district court explicitly rejected the suggestion:  "Someone who has never been convicted of a charge is presumed innocent as

_____

[3] Because we identify no Taylor error in Urena's sentence, we need not here resolve the parties' dispute as to whether that decision applies outside the Speedy Trial Act context.

3

to those charges, so the underlying charges are neither here nor there." Sentencing Tr. at 8; see also id. at 13 (reiterating assumption that Urena was innocent of underlying charges). On this record, we identify no basis to conclude that the challenged sentence was in any way informed by an "untested and unsubstantiated assumption" of Urena's guilt on the 1994 charges. United States v. Taylor, 487 U.S. at 338 n.9. Accordingly, we reject Urena's procedural challenge as without merit.

2. Substantive Unreasonableness

In arguing that a non-Guidelines sentence was substantively unreasonable, Urena mistakenly relies – at least initially – on 18 U.S.C. § 3553(b)(1) (generally requiring imposition of Guidelines sentences), a statutory provision expressly severed and excised by the Supreme Court in United States v. Booker, 543 U.S. 220, 259 (2005), to avoid invalidation of the Sentencing Reform Act in its entirety. He also relies on cases predating the Supreme Court's clarifications in Gall v. United States, 552 U.S. 38 (2007), Kimbrough v. United States, 552 U.S. 85 (2007), and Rita v. United States, 551 U.S. 338 (2007), of district courts' broad discretion to impose non-Guidelines sentences after Booker. As we have observed, Gall, Kimbrough, and Rita required some modification of our court's post-Booker sentencing jurisprudence. See United States v. Cavera, 550 F.3d at 188; see also United States v. Jones, 531 F.3d 163, 181 (2d Cir. 2008) (noting that, prior to Kimbrough and Gall, this court had misapprehended scope of district court's discretion to reject Guidelines sentencing policies).

4

In Gall, the Supreme Court explained that while a district court is statutorily obligated to give the Guidelines fair consideration, it "may not presume that the Guidelines range is reasonable" and must itself make an "individualized assessment" of the sentence warranted under 18 U.S.C. § 3553(a). Gall v. United States, 552 U.S. at 50; see Kimbrough v. United States, 552 U.S. at 101; accord United States v. Cavera, 550 F.3d at 187-88; United States v. Jones, 531 F.3d at 170. Moreover, while a reviewing court may expect a major variance from the Guidelines to be supported with "a more significant justification than a minor one," Gall v. United States, 552 U.S. at 50, it cannot presume the unreasonableness of a non-Guidelines sentence, see Rita v. United States, 551 U.S. at 354-55, or demand "extraordinary" circumstances to justify such a sentence, Gall v. United States, 552 U.S. at 47; see also Kimbrough v. United States, 552 U.S. at 113 (Scalia, J., concurring) (observing that Sixth Amendment prohibits appellate courts from applying rules or standards of review that effectively place "thumb on the scales" in favor of Guidelines sentences); United States v. Verkhoglyad, 516 F.3d 122, 136 (2d Cir. 2008) (holding that explanation for non-Guidelines sentence need not be "extensive or detailed"). Consistent with these principles, our court has stated that, on substantive reasonableness review, we will not set aside a district court's determination as to the appropriate sentence except in "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted); United States v. Jones, 531 F.3d at 174 (observing that in "great majority of cases, a range of sentences – frequently

5

extending well beyond the narrow ranges prescribed by the Guidelines – must be considered

reasonable"). This is not such an exceptional case.

In imposing the challenged sentence, the experienced district judge stated that, in "14

years on the bench," he had not encountered "a more egregious case of bail jumping than in

the case of this defendant." Sentencing Tr. at 17. The court explained as follows:

> Facing very heavy time, clothed with the presumption of innocence, clothed with all of the innumerable procedural protections that this country affords criminal defendants, he chose instead to flee and to, in effect, as I mentioned before, by the flight and by the length of his absence, alter the risk of conviction and a very heavy sentence on the underlying offense and transmute it to the risk of conviction on an offense that carried a considerably lesser maximum penalty. And any doubt about his bad faith and his desire to permanently escape justice altogether, while committing new crimes, is contradicted by the burning of his fingerprints [to avoid detection] and the commission of the Massachusetts drug conspiracy. The combination, in this Court's view, is devastating proof of just how fully this defendant intended to flout the laws of the United States and make a mockery of the constitutional right to bail that he had the benefit of.

Id. at 17-18. This is more than sufficient to allow us to conclude that the challenged sentence

fell within the broad range that must be considered substantively reasonable.[4] Accordingly,

we reject Urena's substantive challenge as without merit.

---

[4] To the extent Urena initially faulted the district court for failing to provide any written reasons for the challenged sentence as required by 18 U.S.C. § 3553(c)(2), he appears to have abandoned this argument in light of the government's response that the reasons were filed separately from the public judgment and under seal. Because these reasons incorporate the district court's oral comments at sentencing, which we find adequate to demonstrate the substantive reasonableness of the challenged sentence, we need not discuss this point further.

3.    Conclusion

We have considered Urena's other arguments on appeal and conclude that they are

without merit.  Accordingly, we AFFIRM the judgment of conviction.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court